UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIOT RIVERA,                                        :
              Plaintiff,                         :
                               :        **MEMORANDUM DECISION**
v.                                                   :
                               :        10 CV 8522 (VB)
EMERGING HEALTH INFORMATION                          :
TECHNOLOGY,                                          :
              Defendant.                         :
------------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 11-7-11

Briccetti, J.:

        Plaintiff Eliot Rivera, proceeding pro se, commenced this action alleging he was

terminated and retaliated against on the basis of his race and national origin in violation of Title

VII of the Civil Rights Act of 1964 and the "Whistleblower Act."  Pending before the Court is

defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Doc. #12), which, for the following reasons, is GRANTED.

**BACKGROUND**

        For purposes of ruling on defendant's motion, the Court accepts all well-pleaded

allegations of the complaint as true.  Plaintiff's complaint was completed on the Court's form

complaint in employment discrimination cases, and is devoid of any factual allegations.  Instead,

where the form calls for factual allegations, plaintiff wrote "Motions and Affidavits filed in

clerks office U.S.D.C. – S.D.N.Y. on October 5, 2010."[1]  While the Court may dismiss this case

and grant plaintiff leave to replead his claims with sufficient factual allegatiosn, the Court will

---

[1]     The Court has examined the Court file kept in the Clerk's office and its chambers
file and has not found any documents.  The Court has also checked with the Judge Kenneth M.
Karas's chambers because this case was previously assigned to him; Judge Karas's chambers did
not have any documents in its possession.

1

Copies Mailed/Faxed 11-7-11
Chambers of Vincent L. Briccetti

instead address defendant's substantive objections to plaintiff's causes of action.

Defendant does not dispute that it was plaintiff's employer.

## DISCUSSION

The function of a motion to dismiss pursuant to Rule 12(b)(6)  is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

## I.     Title VII Claim

A plaintiff claiming employment discrimination pursuant to Title VII must pursue administrative procedures before commencing a lawsuit.  Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001); see also 42 U.S.C. § 2000e-5(e) and (f).  Exhaustion of the administrative remedies and receipt of a right-to-sue letter are preconditions to filing a Title VII claim in federal court.  Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001).  The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action.  Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985).

The ninety-day deadline to commence a lawsuit after the receipt of a right-to-sue notice

2

is strictly construed, and "the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984); Holmes v. NBC/GE, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996). Courts have proceeded to dismiss cases where the complaint was filed only one or two days late. See, e.g., Pryor v. Nat'l Grid, 2011 U.S. Dist. LEXIS 82852 (S.D.N.Y. July 28, 2011) (two days late);[2] Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (two days late); Moscowitz v. Brown, 850 F. Supp. 1185, 1192 (S.D.N.Y. 1994) (one day late), abrogated on other grounds, Lauture v. Int'l Bus. Machs. Corp., 216 F.3d 258 (2d Cir. 2000); see also Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74 (2d Cir. 2003) (affirming dismissal where pro se complaint was filed six days late). This deadline is strictly construed even against a pro se plaintiff. Pryor, 2011 U.S. Dist. LEXIS 82852, at *6 ("Although pro se litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even pro se plaintiffs must be held to strict compliance.").

The triggering event for the ninety days is the receipt of the EEOC notice by the plaintiff, not the issuance of it by the EEOC. Courts presume that a plaintiff receives the notice three days after it is mailed, which is presumed to be the day it is issued; though this presumption may be rebutted by admissible evidence. Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir. 1996); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984). Plaintiff's right-to-sue notice, which was attached to his complaint, was issued and mailed by the EEOC on July 7, 2010. Ninety days later was October 5, 2010. Plaintiff does not challenge the presumption of receipt three days after issuance. Therefore, the deadline for plaintiff to

---

[2]     Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

commence his action was October 8, 2011.

The complaint – which is dated October 29, 2010 – was filed on November 1, 2010, after the ninety-day period had expired.  By waiting more than ninety days, plaintiff lost his right to sue.  Therefore, plaintiff's claim under Title VII is dismissed.

## II.      Whistleblower Act Claim

Plaintiff's second claim is premised on the "Whistleblower Act" without identifying if he means the federal Whistleblower Protection Act of 1989 ("WPA") or Section 740 of the New York Labor Law, which bars employers from taking retaliatory action against an employee because the employee (1) discloses a safety hazard or violation to the public, (2) provides information to a public body conducting an investigation, or (3) objects to a policy or practice the violates that law.  New York Labor Law § 740(2).

The WPA only applies to federal employees.  See 5 U.S.C. § 2302.  Because plaintiff does not – and cannot – allege he is a federal employee, he cannot maintain a viable cause of action under the WPA.

Because subject matter jurisdiction in the matter is based upon the presence of a federal question and the Court has dismissed plaintiff's federal claims, the Court will not maintain jurisdiction and address any potential state law claim.  See 28 U.S.C. § 1367(c)(3); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #12).

The Clerk is instructed to terminate this motion and to close this case.

Dated: November 7, 2011
       White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

5